JOHN DE PALMA, PLAINTIFF-RESPONDENT, v. JOHN DORN
AND ROBERT McCABE, DEFENDANT-APPELLANT, AND
MORRIS A. GRISEZ AND GENERAL FOODS CORPORA-
TION, THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued September 8, 1952—Decided September 18, 1952.

416

Before Judges JAYNE, PROCTOR and SCHETTINO.

*Mr. Abraham I. Harkavy* argued the cause for appellant (*Messrs. Harkavy & Lieb,* attorneys; *Mr. Andrew V. Clark,* on the brief).

*Mr. Forster W. Freeman, Jr.,* argued the cause for respondent (*Messrs. Freeman, Buttermore & Freeman,* attorneys).

*Mr. Bernard Shurkin* argued the cause for third-party defendants-respondents (*Messrs. Sanderson & Engel,* attorneys; *Mr. Eugene W. Cullen,* on the brief).

The opinion of the court was delivered by

JAYNE, S. J. A. D.  This litigation arose out of the occurrence of automobile collisions on July 5, 1951, near the corner of 21st Avenue and Main Street in Paterson.

The aspects of the mishap may be described concisely.  An automobile owned by Robert McCabe was being operated at about 11 A. M. by John Dorn in a southerly direction on Main Street.  Motivated, it is said, by certain traffic conditions with which he was unexpectedly confronted, he turned the vehicle easterly into 21st Avenue where it first collided with the car owned by General Foods Corporation in charge of Morris Grisez, which was parked on the southerly side of 21st Avenue at a point about 18 to 20 feet east of the corner of Main Street, and came next into collision with the automobile of the plaintiff, John De Palma, which was standing on the northerly side of 21st Avenue at a location estimated to be about 25 to 30 feet distant easterly from Main Street.  It is evident that both of the standing vehicles were parked at distances from Main Street or the stop-street sign in contravention of the statute.  *R. S.* 39:4–138(*e*).

De Palma instituted the present action against McCabe and Dorn in the Passaic County District Court.  McCabe filed a counterclaim against De Palma, and McCabe and Dorn filed a third-party complaint against General Foods Corporation and Grisez.  The trial of the action proceeded before the judge and a jury.

The following eventualities constitute the subject matter of the present review.  The counterclaim and the third-party complaint were dismissed by the court.  The court then apparently resolved that the liability of the defendants Dorn and McCabe had been established as a matter of law and that the plaintiff was entitled upon the motion for judgment to recover at least the stipulated damages for the injury to his

vehicle in the sum of $248.60, but he submitted to the jury the admeasurement of damages, if any, to which the plaintiff might be entitled upon a claim for another alleged consequential loss, for which the jury awarded to the plaintiff the sum of $20. Judgment was thereupon entered in favor of the plaintiff for $268.60.

After a discriminative examination of the evidence we conclude that the dismissals of the counterclaim and of the third-party complaint were warranted. *Cf. Powers v. Standard Oil Co.,* 98 *N. J. L.* 730 (*Sup. Ct.* 1923), affirmed, 98 *N. J. L.* 893 (*E. & A.* 1923). The judgments in those alleged causes of action are affirmed. Not so with regard to the judgment entered upon the plaintiff's motion in favor of the plaintiff in his affirmative action against the defendants Dorn and McCabe.

Directions of verdicts and motions for judgments under the superseding *Rule* 3:50 in favor of plaintiffs in contested negligence cases have always been as rare as a blue rose. The basic reason is stated in the opinion in *Gentile v. Pub. Service Coordinated Transport,* 12 *N. J. Super.* 45, 51 (*App. Div.* 1951):

"* * * Negligence in the abstract is a nihility. Both negligence and reasonable care are relative terms. They derive their animation in the law of torts only when they are in articulation with a given body of factual conditions and circumstances. In the vast majority of the cases the aspect of the factual situation is made tremulous by divergent and contradictory evidence. The determination of the facts logically precedes the determination of the alleged negligence, and in all instances where the factual element is encircled by fair and reasonable controversy, the former function is exclusively within the province of the jury."

While we do not think that in view of the present state of the evidence the issue relating to the negligence of the defendant Dorn is inundated with distracting perplexity, yet we believe that this issue should nevertheless have been submitted to the jury.

In this particular it suffices to observe that whether, according to the testimony of the defendants, a large trailer truck

which was proceeding easterly on 21st Avenue and was being operated to its left of the center of the avenue to accomodate the intention of its driver to negotiate a turn southerly into Main Street, the view of which truck by Dorn was limited by a building situate on the northwest corner, entered the intersection contemporaneously with the car of the defendant, was a question constituting a cluster of factual circumstances the existence of some or all of which should have been submitted to the jury for determination in consequence of the testimony of the witness Slockbower, who asserted that there were no vehicles traveling on 21st Avenue at the time.

The alleged failure of a defendant to exercise reasonable care is to be determined in the light of the accompanying and surrounding conditions and circumstances amid which the defendant was situated and not necessarily by proof as to whether he was placed in a situation of imminent peril.

The judgment in favor of the plaintiff De Palma against the defendants Dorn and McCabe is reversed and a new trial of the action based on the plaintiff's complaint directed. · Costs on the reversal to abide the event.